IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

RAKEM WASHINGTON,

    Plaintiff,

v.

JERRY WYNN; and PROFICIENT AUTO, INC.,

    Defendants.

CIVIL ACTION NO.: 4:20-cv-155

**O R D E R**

This matter is before the Court on a "Consent Motion to Remand" filed by Defendants with the consent of Plaintiff Rakem Washington, by and through his counsel. (Doc. 16.) For the reasons outlined below, the Court **GRANTS** the Motion, (id.), and **REMANDS** this case to the State Court of Chatham County, Georgia.

Plaintiff initiated this lawsuit, in which he seeks to recover damages from Defendants Jerry Wynn and Proficient Auto, Inc. (hereinafter "Proficient") for injuries he allegedly suffered in an automobile collision, by filing a Complaint in the State Court of Chatham County on May 12, 2020. (Doc. 1-1, pp. 4–9.) Proficient removed the case to this Court on July 14, 2020, purportedly on the basis of diversity jurisdiction. (Doc. 1.) Specifically, Proficient asserted that Plaintiff "seeks damages in excess of $75,000 exclusive of interest and costs," and that, "[a]t all times material to this action, Plaintiff was a citizen of the State of Georgia" and Proficient "was a Florida corporation having its principal place of business [in] . . . Florida." (Id. at pp. 1–2.) After removal, Proficient filed an Answer to the Complaint, (doc. 5), and Defendant Wynn was served, (doc. 9),

and filed an Answer, (doc. 10).  The Court entered an Amended Scheduling Order setting a discovery deadline of October 2, 2020.  (Doc. 12.)

On November 17, 2020, Defendants filed the at-issue "Consent Motion to Remand."  (Doc. 16.)  Therein, Defendants advise that while "[Defendant] Wynn possesses a Florida Commercial Driver's License and maintains a residence in Florida," he testified during his deposition in October 2020 that "he has resided with his wife at [a residence in] St. Mary's, Georgia, since April 2019—one month after the collision at issue in Plaintiff's Complaint and nearly a year prior to Plaintiff's filing of this action"—and that he "has no intention of leaving the [that residence in St. Mary's, Georgia]."  (Id. at pp. 2–3; see also id. at pp. 77–79.)  Defendants reason that, "while Mr. Wynn appears to be a citizen of Florida, he is domiciled in Georgia," and the parties therefore lack complete diversity of citizenship and this Court does not possess subject matter jurisdiction.  (Id. at p. 3.)  Accordingly, they state that "the Parties respectfully request" that the case be remanded to the State Court of Chatham County.  (Id.)

While Defendants indicate that the parties have consented to remand, the Court's power to remand based merely upon such consent is suspect.  See Mitchell & Shapiro LLP v. Marriott Int'l, Inc., No. 1:0-CV-1180-JTC, 2008 WL 11337750, at *1 (N.D. Ga. May 28, 2008), *vacated on reconsideration on other grounds*, 2008 WL 11337749 (N.D. Ga. June 20, 2008); see also Elliott v. Bonefish Grill, LLC, No. 5:18-cv-46(CAR), 2018 WL 1083472, at *1 (M.D. Ga. Feb. 28, 2018).  Nonetheless, a "court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings.  Indeed, it is well[-]settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."  Bochese v. Town of Ponce Inlet, 405 F.3d 964, 975 (11th Cir. 2005).

In the present case, Plaintiff has not asserted a claim for relief under federal law. (See doc. 1-1.) Thus, as the parties concede, the only basis for jurisdiction in this Court would be diversity jurisdiction. (See doc. 16.)

> Under 28 U.S.C. § 1332, a federal court has jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000" and the suit is between "citizens of different states." Jurisdiction under § 1332 requires complete diversity; every defendant must be a citizen of a different state than every plaintiff. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 580 n.2 (1999); Sweet Pea Marine, Ltd. v. APJ Marine, Inc., 411 F.3d 1242, 1247 (11th Cir. 2005). Diversity jurisdiction is determined at the time the complaint was filed. Smith v. Sperling, 354 U.S. 91, 93 n.1 (1957); Holston Inv., Inc. B.V.I. v. LanLogistics Corp., 677 F.3d 1068, 1070 (11th Cir. 2012).

Alberto v. Progressive Ins. Co., No. 2:11-cv-203, 2013 WL 750290, at *2 (S.D. Ga. Feb. 27, 2013).

Plaintiff undisputedly is and has, at all relevant times, been a citizen of Georgia. (See doc. 1-1, p. 4; doc. 5, p. 1; doc. 10, p. 1; doc. 16, p. 2). Thus, if Defendant Wynn was also a citizen of Georgia as of May 12, 2020, then there is not complete diversity. As a result, this Court would have no jurisdiction to hear the case.

"[A] natural person is a citizen of the state in which he is 'domiciled,'" and "[a] person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." Smith v. Marcus & Millichap, Inc., 991 F.3d 1145, 1149 (11th Cir. 2021) (quoting and citing McCormick v. Aderholt, 293 F.3d 1254, 1257–58 (11th Cir. 2002)). However, "[d]omicile is not synonymous with residence; one may temporarily reside in one location, yet retain domicile in a previous residence." Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1341 (11th Cir. 2011); see also Smith, 991 F.3d at 1149-1150 ("Residency is necessary, but insufficient, to establish citizenship in a state."); Travaglio v. Am. Exp. Co., 735 F.3d 1266, 1269 (11th Cir. 2013) ("Residence alone is not enough."). Where, as here, a party asserts that his domicile has changed there must be "a

concurrent showing of (1) physical presence at the new location with (2) an intention to remain there indefinitely." McCormick, 293 F.3d at 1258 (quotation omitted).

"A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). Thus, ordinarily, the defendant would point to evidence in an effort to show diversity exists and removal was proper. However, here, because Defendants are moving for remand with Plaintiffs' consent, the Court must determine whether it has jurisdiction solely based on the pleadings and the limited evidence that has been presented to it.

"Courts look to various factors in determining a person's intent to remain in a state, including: the location of real and personal property, business ownership, employment records, the location of bank accounts, payment of taxes, voter registration, vehicle registration, driver's license, membership in local organizations, and sworn statements of intent." Smith, 991 F.3d at 1149. The parties have presented the Court with very limited evidence on this topic. Although Defendant Wynn's August 11, 2020 Answer admitted that he was a "resident of the State of Florida" and that he could be served "at his address [in] . . . Fountain, Florida,"[1] (doc. 10, p. 1; see also doc. 1-1, p. 4), he was served at his residence in St. Mary's, Georgia. During his deposition, he testified under oath that, in April 2019 (about one month after the at-issue accident and a year before the Complaint was filed), he moved from his residence in Florida into his current residence in St. Mary's, Georgia, where his wife (whom he had recently married) had already been living. (Doc. 16, pp. 77–79, 92–93.) When asked whether he now "live[s] permanently in the residence in St. Mary's where [his] wife was living back [at the time of the collision]," he answered in the

---

[1] Defendant Wynn did not sign or otherwise verify his Answer. (See doc. 10.)


affirmative. (Id. at p. 92.) No other evidence or testimony has been presented on other factors such as the location of Defendant Wynn's personal property, the location of his bank accounts, his payment of taxes, his voter registration, his vehicle registration, or his driver's license.[2] While Defendants state, in the Motion to Remand, that Defendant Wynn "maintains a residence in Florida," they do not cite to any evidence to support this. (See id. at p. 2.) Defendant Wynn never indicated during his deposition that he maintains any sort of residence or property in Florida; he testified only that, at the time of the at-issue accident and for about one month thereafter, he lived with his brother at a residence in Florida and that his brother has continued to live there even after Defendant Wynn moved to Georgia. (See id. at pp. 79–80.)

The Court gives greater weight to Defendant Wynn's more recent statement—under oath—that, by the time the Complaint was filed, he had moved into his wife's home in Georgia and has been "liv[ing] permanently" there, and little to no weight to his previous admission—in his unverified Answer—that he was a Florida resident with a Florida address. Because this is a consent motion filed by Defendants, no argument or objection has been made seeking to have the Court assign less weight to the deposition testimony. Accordingly, the parties have made the necessary "concurrent showing of . . . [Defendant Wynn's] physical presence at the [Georgia residence] with . . . an intention to remain there indefinitely," McCormick, 293 F.3d at 1258, at the time the Complaint was filed. Because Plaintiff and Defendant Wynn are both citizens of Georgia, complete diversity does not exist, and this Court lacks subject matter jurisdiction

---

[2] As noted previously, Defendants assert that Defendant Wynn has a Florida commercial driver's license, but they do not point to any evidence to support that. (Doc. 16, p. 2.) The only potentially relevant evidence the Court has been able to find is a statement by Plaintiff's counsel during Defendant Wynn's deposition that, at some unspecified time, Wynn's "driver's license showed a Fountain, Florida address as [his] residence." (Id. at pp. 92–93.)

For the reasons stated above, the Court **GRANTS** Defendants' Consent Motion to Remand. (Doc. 16.)  Pursuant to 28 U.S.C. § 1447(c), this case is hereby **REMANDED** to the State Court of Chatham County, Georgia, for further proceedings. Following remand, the Clerk of Court is **DIRECTED** to close this case.

**SO ORDERED**, this 16th day of June, 2021.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA